UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | No. 2:23-cv-0393 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| C. ROJAS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, the undersigned will recommend that: (1) plaintiff's motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g), and (2) plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action.

I.   THREE STRIKES RULE: 28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

1

>fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations

2

of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

## II. PETITIONER'S PRIOR STRIKES

Review of court records reveals that at least three cases brought by plaintiff qualify as strikes under Section 1915(g). The court takes judicial notice of the following lawsuits previously filed by plaintiff:[1]

- Driver v. Martel, No. 2:08-cv-1910 GEB EFB P (E.D. Cal. Sept. 16, 2009) (dismissed for failure to state a claim);
- Driver v. Kelso, No. 2:11-cv-2397-EFB P (E.D. Cal. Sept. 12, 2012) (dismissed for failure to state a claim), and
- Driver v. Epp, No. 2:12-cv-0589-EFB (E.D. Cal Sept. 5, 2012) (dismissed for failure to state a claim).

All of the preceding cases were dismissed well before the instant action was filed on February 27, 2023,[2] and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## III. IMMINENT DANGER

The complaint alleges that plaintiff is in imminent danger of serious physical harm. ECF No. 1 at 1, 3. Plaintiff's claim for relief appears to be based on an alleged failure to protect, id., satisfying the nexus requirement of the imminent danger exception. See Lara, 31 F.4th at 695. Specifically, plaintiff states that he has safety concerns about his recent transfer to Salinas Valley State Prison ("SVSP") in January 2023, and that his request to be placed in administrative

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

segregation there has been denied. Id. at 3. As a result of the transfer, plaintiff alleges that he is paralyzed with physical pain and chest pain, and has heart palpitations. Id.

These allegations do not support a finding that plaintiff is in imminent danger of serious physical harm. First, the allegations are vague: the complaint does not specify the nature of plaintiff's safety concerns, identify any credible threats made against him, or name any specific individuals who pose an immediate threat to his safety. He has thus failed to meet his burden of setting forth credible allegations of imminent danger of serious physical harm. See generally Kinnell v. Graves, 265 F.3d 1125, 1127-28 (10th Cir. 2001) (noting plaintiff failed to raise "specific, credible allegations of 'imminent danger of serious physical harm'").

Moreover, plaintiff's claims of imminent danger are wholly speculative. Plaintiff states that he was recently transferred from California State Prison – Sacramento ("CSP-Sacramento") to SVSP in January 2023. See generally ECF No. 1 at 3. He states that prior to the transfer, he expressed his concerns about the move to prison officials at CSP-Sacramento. Id. In support of this assertion, plaintiff provides several CSP-Sacramento administrative appeal decisions. One of these, dated January 6, 2023, denied plaintiff's appeal of his transfer to SVSP. ECF No. 1 at 7-9. It reflects plaintiff's contentions that he had previously been subjected to excessive force at SVSP, and that he had been threatened by an inmate who had been recently transferred to SVSP. Id.

At the time plaintiff filed the instant complaint, he had been at SVSP for two weeks. ECF No. 1 at 3. The documents he provides indicate that the previous alleged excessive force incident at SVSP occurred in 2009. See ECF No. 1 at 10, 43. Accordingly, to the extent plaintiff contends that because SVSP prison officials used excessive force against him in 2009, they will do so again almost fourteen years later in 2023, the assertion is implausible and does satisfy the imminent danger exception. See Andrews, 493 F.3d at 1057, n.11; see also Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003).

Plaintiff's allegations that the transfer to SVSP has "paralyzed" him with physical pain, chest pain, and heart palpitations do not support an imminent danger finding. These are alleged consequences of the failure to protect, and do not change the fact that plaintiff has failed to

4

present more than a speculative claim that there is an imminent danger from which he must be protected.

Because plaintiff has presented only conclusory and speculative allegations of imminent danger of serious physical harm from other inmates and/or from prison staff, he is not entitled to the exception to the three strikes rule. It will therefore be recommended that he pay the filing fee prior to proceeding any further with this action.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED, and

2. Plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 12, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE